**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCELLUS H. BAKER, SR.,

        Plaintiff - Appellant,

v.

TARGET CORPORATION,

        Defendant - Appellee.

No. 10-3128
(D.C. No. 6:09-CV-01214-MLB-KMH)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Marcellus H. Baker, Sr., proceeding *pro se*, appeals the dismissal of his claim against his former employer, Target Corporation, for failure to state a claim. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Baker was formerly employed by Target as a Bike Specialist. He alleges that Target discriminated against him from April 1, 2009, until June 16, 2009. Further, he claims that on April 22, 2009, he was wrongly accused of failing to perform his work duties.

On June 1 and June 19, 2009, Mr. Baker filed complaints with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"). In his complaints, he checked every box alleging discrimination based on race, color, sex, religion, national origin, retaliation, age, and disability. While Mr. Baker claims the EEOC intake worker checked all the boxes, he provides no evidence of that. On June 13, the EEOC found no violations and issued Mr. Baker a right to sue notice.

On July 9, Mr. Baker filed his *pro se* complaint against Target, alleging discrimination based on race, national origin, gender, religion, age, disability and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2(a)(1) & 2000e-3(a), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 - 12213, and the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 621- 634. Mr. Baker also alleged that Target had failed to accommodate his disability.

While noting Mr. Baker's *pro se* status, the district court nonetheless dismissed his complaint:

The court agrees with [Target] that all but one sentence in plaintiff's factual allegations are conclusory statements. Plaintiff provides no statement of fact that support[s] his claim[s] for discrimination based on race, gender, national origin, religion, age, or disability. Nor has plaintiff provided any statement of fact as to how [Target] allegedly harassed him. . . . Therefore, plaintiff's Title VII, ADEA, and ADA discrimination claims are dismissed under Fed. R. Civ. P. 12(b)(6).

Memorandum & Order at 4. While acknowledging that Mr. Baker provided "<u>slightly</u> more factual support for his retaliation claim, the court still finds that the allegations are insufficient to support such a claim." Id. The court further found that Mr. Baker failed to exhaust his claim about failure to accommodate, and it was subject to dismissal as well.

In sum, the court granted Target's motion to dismiss. We have carefully reviewed the record and, while we acknowledge the leeway allowed *pro se* plaintiffs, we agree that the district court properly dismissed Mr. Baker's action. We also deny all pending motions.

For the foregoing reasons, we AFFIRM the district court's order dismissing this action.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge